UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

ANTHONY J. GIBBS,

        Debtor.

_____/

MICHIGAN DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

        Plaintiff,

v.

ANTHONY J. GIBBS,

        Defendant.

_____/

Case No. 23-02509-swd
Hon. Scott W. Dales
Chapter 7

Adversary Pro. No. 25-80043

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
Chief United States Bankruptcy Judge

Plaintiff Michigan Department of Health and Human Services (the "Plaintiff") filed a complaint against debtor-defendant Anthony J. Gibbs (the "Defendant"). When the Defendant did not respond to the complaint, the Clerk entered his default and Plaintiff filed a motion for entry of default judgment (ECF No. 6, the "Motion"). Fed. R. Civ. P. 55 (applicable to this proceeding under Fed. R. Bankr. P. 7055). The court reviewed the Motion and held a hearing to consider it on November 6, 2025, in Kalamazoo, Michigan. Counsel for the Plaintiff appeared; the Defendant did not.

At the conclusion of the hearing, the court instructed Plaintiff's counsel to submit (1) a proposed order granting the Motion; and (2) a proposed judgment, declaratory in nature, granting the relief requested in the complaint. Perhaps misunderstanding the court's instructions, counsel

instead filed a second motion for default judgment (ECF No. 11, the "Second Motion"), and uploaded a revised judgment to the e-Order signing program.

The court asked counsel to prepare an order granting the original Motion, together with a separate (revised) declaratory judgment to comply with the separate document rule of Fed. R. Civ. P. 58(a), applicable here under Fed. R. Bankr. P. 7058. *See generally Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 (1978) ("The separate-document requirement was thus intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely."); Fed. R. Civ. P. 58, Advisory Committee Notes, 1963 Amendment ("it has become a matter of doubt whether the purported entry of judgment was effective, starting the time running for post-verdict motions and for the purpose of appeal...The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides the basis for the entry of judgment."). The judgment, therefore, must be separate from the reasons granting it—reasons reflected in the order granting the Motion.

The court endeavors to comply strictly with the separate document rule to trigger the fourteen-day appeal period for its judgments upon entry, rather than postpone effective entry for one hundred and fifty days – a delay that kicks in when a separate document is required but not entered.  Fed. R. Bankr. P. 8002 (appeal period is fourteen days *from entry of judgment*); Fed. R. Civ. P. 58(c) (postponing entry of judgment for one hundred fifty days when court fails to enter separate document if required).

Here, as the court noted on the record, Plaintiff properly served the summons and complaint; the well-pleaded allegations support a right to relief; the Defendant failed to answer the

complaint (as the Clerk noted), thereby admitting the well-pleaded allegations; and, therefore, the court should enter a declaratory judgment in Plaintiff's favor.  Accordingly, the court will grant the original Motion as proper and deny the Second Motion as unnecessary.  It will also sign and enter the revised judgment—the separate document—that Plaintiff's counsel previously uploaded to the e-Order program.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 6) is GRANTED and the Second Motion (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon James Alan Ziehmer, Esq., and Anthony J. Gibbs.

END OF ORDER

**IT IS SO ORDERED.**

**Dated November 12, 2025**



Scott W. Dales
United States Bankruptcy Judge